UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


TIMOTHY PENA,

    Plaintiff,


    –against–


CITY OF NEW YORK;
MOLLY PARK, COMMISSIONER OF THE
NEW YORK CITY DEPARTMENT OF
SOCIAL SERVICES;
INSTITUTE FOR COMMUNITY LIVING;
JODY RUDIN, CHIEF EXECUTIVE OFFICER
OF INSTITUTE FOR COMMUNITY LIVING;
KAREN FULLER,

    Defendants.

2026 FEB 10   AM 9: 38   RECEIVED SDNY PRO SE OFFICE

26-CV-176 (JMF)


**PLAINTIFF'S MOTION TO AUTHORIZE SERVICE BY**
**U.S. MARSHALS SERVICE PURSUANT TO RULE 4(c)(3)**


Plaintiff Timothy Pena, proceeding pro se, respectfully moves this Court for an Order directing that service of the summons and complaint upon Defendants City of New York; Molly Park, Commissioner of the New York City Department of Social Services; Institute for Community Living; Jody Rudin, Chief Executive Officer of Institute for Community Living; and Karen Fuller be effected by the United States Marshals Service pursuant to Rule 4(c)(3) of the Federal

Rules of Civil Procedure and 28 U.S.C. § 1915.

## I. Procedural Background

1. Plaintiff commenced this action on January 6, 2026.

2. On January 20, 2026, the Court granted Plaintiff leave to proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915.

3. On January 21, 2026, the Court dismissed the New York City Department of Homeless Services as a defendant and directed that the City of New York be added as a defendant.

4. Plaintiff remains pro se and lacks the financial means to effect service through private process servers.

## II. Legal Standard

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that, when a plaintiff is authorized to proceed In Forma Pauperis, the court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.

## III. Argument

Because Plaintiff has been granted In Forma Pauperis status and lacks the resources to effect service independently, Plaintiff respectfully requests that the Court direct the United States Marshals Service to serve the summons and complaint upon the remaining defendants at government expense.

## IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and enter the proposed Order directing service by the United States Marshals Service.

Dated: February 10, 2026

Application GRANTED. Given that Plaintiff was granted *in forma pauperis* status, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

New York, New York

Timothy Pena

Plaintiff, Pro Se

257 West 29th Street, Apt. 13C

New York, NY 10001

Email: tim.pena@outlook.com

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to issue a summons, fill out a U.S. Marshals Service Process Receipt and Return (Form USM-285), and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the pro se plaintiff's responsibility to request an extension of time for service).

The Clerk of Court is directed to terminate ECF No. 10.

SO ORDERED.

February 11, 2026