UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
TIMOTHY PENA,                                                      :
                                                                   :
                                    Plaintiff,                    :               26-CV-176 (JMF)
                                                                   :
              -v-                                                  :               ORDER OF SERVICE
                                                                   :
NEW YORK CITY DEPARTMENT OF HOMELESS               :
SERVICES ("DHS") et al.,                                          :
                                                                   :
                                    Defendants.                   :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On March 9, 2026, Plaintiff, who is proceeding without counsel, filed an amended

complaint, adding new defendants.  ECF No. 22.   By Order dated January 20, 2026, the Court

granted Plaintiff's request to proceed without prepayment of fees.  ECF No. 6.  Plaintiff is

therefore entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v.*

*Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the

court shall issue and serve all process [where an incarcerated plaintiff has been granted

permission to proceed without prepayment of fees].");  Fed. R. Civ. P. 4(c)(3).  In his Amended

Complaint, Plaintiff names three new defendants, Teresa Santiago, Adam Wawrynek, and

Siobhan Dannachker.  ECF No. 22.

---

[1]    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have served the summons and the complaint until the Court reviewed the
complaint and ordered that the summons be issued.  The Court therefore extends the time to
serve until 90 days after the date summonses are issued for the new defendants.

The Court must again dismiss Plaintiff's claims in his amended complaint against Defendant New York City Department of Homeless Services ("DHS").  Defendant DHS is not an entity that can be sued.  *See* N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").  In light of Plaintiff's clear intention to pursue claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act against an agency of the City of New York, the Court directs the Clerk of Court, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption and re-add the City of New York as a Defendant in this action.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

The Clerk of Court is thus directed to add the City of New York as a Defendant under Rule 21 of the Federal Rules of Civil Procedure.  To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is also instructed to issue summons to the new defendants, Teresa Santiago, Adam Wawrynek, and Siobhan Dannachker, fill out a U.S. Marshals Service Process Receipt and Return (Form USM-285), and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the Amended Complaint upon all Defendants.  The Clerk of Court is further instructed to mail Plaintiff an information package.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the *pro se* plaintiff's responsibility to request an extension of time for service).  Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

3

The Clerk of Court is directed to mail a copy of this Order to the Plaintiff.  The Clerk of

Court is further directed to mail a Copy of this Order and the amended complaint to the U.S.

Department of Justice at: 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001,

informing them that Karen Fuller has been terminated as a Defendant.

      SO ORDERED.

Dated: March 12, 2026
      New York, New York

                                    JESSE M. FURMAN
                                United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

Defendant Institute for Community Living:  125 Broad Street, New York, NY 10004.

City of New York: 100 Church Street, New York, NY 10007

Defendant Teresa Santiago: 1 Centre Street, Suite 2208, New York, NY 10007

Defendant Adam Wawrynek: 1 Centre Street, Suite 2208, New York, NY 10007

Defendant Siobhan Dannacker: 810 Vermont Avenue, NW, Washington, DC 20420