UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

TIMOTHY PENA,

                            Plaintiff,

            -v-

NEW YORK CITY DEPARTMENT OF HOMELESS
SERVICES ("DHS") et al.,

                        Defendants.

------------------------------------------------------------------------X

26-CV-176 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

By Order dated January 20, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees. Plaintiff is therefore entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process [where an incarcerated plaintiff has been granted permission to proceed without prepayment of fees]."); Fed. R. Civ. P. 4(c)(3). The Marshals were unable to effect service on Defendant Siobhan Dannacker at the provided address. *See* ECF No. 47. The Marshals are thus hereby directed to attempt service again for Siobhan Dannacker at the United States Department of Veterans Affairs where the defendant appears to be employed.

---

[1]     Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Accordingly, the Clerk of Court is instructed to issue a new summons, fill out a U.S. Marshals Service Process Receipt and Return (Form USM-285) (specifying that Siobhan Dannacker appears to work at the United States Department of Veteran Affairs), and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Siobhan Dannacker.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the *pro se* plaintiff's responsibility to request an extension of time for service).

SO ORDERED.

Dated: June 25, 2026  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge

2

**DEFENDANT AND SERVICE ADDRESS**

Defendant Siobhan Dannacker: 810 Vermont Avenue, NW, Washington, DC 20420